UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| Kiara Wright-Hicks, | Case No. 2:23-cv-00621-APG-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| Tropical Smoothie Cafe LLC, | |
| Defendant. | |

This matter is before the Court on *pro se* Plaintiff Kiara Wright-Hicks' application to proceed *in forma pauperis* (ECF No. 1), filed on April 21, 2023. She submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. ECF No. 1. Therefore, her request to proceed *in forma pauperis* is granted.

The Court now screens Plaintiff's complaint (ECF No. 1-1) as required by 28 U.S.C. § 1915(e)(2).

**I.      Screening the Complaint**

   **A.      Legal Standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). The court liberally construes *pro se* complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no

set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (*quoting Iqbal*, 556 U.S. at 678). In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).

Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id*. Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B.     Analysis**

Plaintiff's complaint does not contain a lot of information. As best as the Court can tell, Plaintiff is alleging that some discriminatory-type event took place on November 20, 2023, while working at Tropical Smoothie on the basis of being female and pregnant. She also alleges that retaliation took place. Plaintiff lists several statutes, but based on the few facts that appear in the complaint, it appears Plaintiff is alleging Title VII claims for discrimination and retaliation.[1] At this stage, based on the lack of factual allegations, the Court will dismiss the complaint without prejudice and allow Plaintiff to file an amended complaint. The Court will provide the elements for each of those two claims so that Plaintiff can provide facts that support each of those elements.

**1.     Title VII Discrimination**

To establish a prima facie case under Title VII, a plaintiff must offer proof: (1) that the plaintiff belongs to a class of persons protected by Title VII; (2) that the plaintiff performed his or her job satisfactorily; (3) that the plaintiff suffered an adverse employment action; and (4) that the plaintiff's employer treated the plaintiff differently than a similarly situated employee who does

---

[1] If Plaintiff intends to bring additional claims, she is free to add them to her amended complaint, as explained below.

not belong to the same protected class as the plaintiff. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

Plaintiff needs to allege facts that support each of these elements. Currently, her complaint does not explain how it is that she suffered an adverse employment action or how others (who did not belong to her protected class) were treated differently.

### 2. Title VII Retaliation

To establish a prima facie case of retaliation under Title VII, an employee must show that (1) she engaged in a protected activity; (2) her employer subjected her to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse action. *Cheatham v. City of Phoenix*, 699 F. App'x 647, 648 (9th Cir. 2017) (citation omitted).

Plaintiff's complaint does not contain facts explaining what protected activity she engaged in, what was the adverse employment action, or the link between the protected activity and the adverse action. In her amended complaint, should she choose to file one, Plaintiff needs to allege facts that support each of these elements.

### C. Amendment

If Plaintiff chooses to amend, she must read this Order carefully and allege sufficient facts to show that the requirements of each claim are met.

Additionally, Plaintiff is advised that if she files an amended complaint, the original complaint (ECF No. 1-1) will no longer serve any function in this case. The amended complaint must be complete in and of itself without reference to prior pleadings or to other documents.

## II. Conclusion

**IT IS THEREFORE ORDERED** that Plaintiff Kiara Wright-Hicks' application to proceed *in forma pauperis* (ECF No. 1) is GRANTED. Plaintiff is permitted to maintain this action to conclusion without prepaying fees or costs or giving security for them.

**IT IS FURTHER ORDERED** that the Clerk of Court must detach and separately file Plaintiff's complaint (ECF No. 1-1).

**IT IS FURTHER ORDERED** that Plaintiff's complaint (ECF No. 1-1) is DISMISSED without prejudice.

**IT IS FURTHER ORDERED** that if Plaintiff wishes to file an amended complaint in this case, she must do so by June 1, 2023. In her amended complaint, she must allege facts that support each of her claims. Failure to comply with this Order will result in a recommendation that this case be dismissed.

DATED: May 1, 2023.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE