UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

Kiara Wright-Hicks,

            Plaintiff,

   v.

Tropical Smoothie Cafe LLC,

            Defendant.

Case No. 2:23-cv-00621-APG-BNW

**ORDER**

    Before the Court is Plaintiff's Amended Complaint. ECF No. 8. This Court previously dismissed Plaintiff's complaint without prejudice based on Plaintiff's failure to state a claim. ECF No. 4. The Court has reviewed the Amended Complaint and finds that it is still deficient because Plaintiff has not alleged facts as to each element of her claims. The Amended Complaint is dismissed without prejudice. Plaintiff will have 30 days to file a second amended complaint.

   **I.  Screening the Complaint**

      **A.  Legal Standard**

    Upon granting a request to proceed in *forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). When screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The grounds for dismissal due to failure to state a claim under 28 U.S.C. § 1915(e)(2) mirror the standards set forth in Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must allege sufficient factual details that, accepted as true, present a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When assessing whether the complaint is sufficient to state a claim, all

allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Simply reciting the elements of a cause of action is insufficient to sustain a claim. *Id.* The court liberally construes pro se complaints and may only dismiss them if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460, (9th Cir. 1980); *see also Iqbal*, 556 U.S. at 678.

**B. Analysis**

In its last order, this Court explained that Plaintiff's allegations failed to state a claim. ECF No. 4. The Court noted that Plaintiff cited several statutes, but very few facts. *Id.* The Court explained that any future amended complaint must contain factual allegations supporting each element of the claims Plaintiff wished to bring. *Id.*

Despite containing far more factual allegations, Plaintiff's Amended Complaint is still deficient. Plaintiff organized her Amended Complaint to address each element of her Title VII claim for discrimination. However, the facts contained within do not sufficiently support each element of her claim.

It is unclear to the Court whether Plaintiff wishes to only bring a Title VII claim for racial discrimination or whether she also wishes to bring a Title VII claim for retaliation. Accordingly, the Court will analyze both.

**i.    Discrimination Claim**

Title VII makes it "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of [her] . . . race [or] color." 42 U.S.C. § 2000e-2(a)(1). To state a claim for discrimination, a plaintiff must offer proof: (1) that the plaintiff belongs to a class of persons protected by Title VII; (2) that the plaintiff performed his or her job satisfactorily; (3) that the plaintiff suffered an adverse employment action; and (4) that the plaintiff's employer treated the

plaintiff differently than a similarly situated employee who does not belong to the same protected class as the plaintiff. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

Here, Plaintiff's allegations meet the first element because, according to the complaint, Plaintiff is Black and African American. As to the second element, Plaintiff does not support the allegation that she performed her job satisfactorily. Plaintiff says she had "similar job performance evaluations and disciplinary history as the other non-black co-workers" (ECF 8 at 3) but does not allege that these evaluations were satisfactory. Moving to the third element, an adverse employment action is one that "materially affect[s] the compensation, terms, conditions, or privileges" of employment. *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008) (internal quotation and citation omitted). Plaintiff's allegations that her employee profile was deleted, and that she was removed from the work schedule adequately support an adverse employment action. As to the fourth element, Plaintiff offers only conclusory statements to support the allegation that she was treated differently than other similarly situated employees. In her second amended complaint, should she choose to file one, Plaintiff needs to allege facts that support each of these elements.

### ii. Retaliation Claim

To establish a prima facie case of retaliation under Title VII, an employee must show that (1) she engaged in a protected activity; (2) her employer subjected her to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse action. *Cheatham v. City of Phoenix*, 699 F. App'x 647, 648 (9th Cir. 2017) (citation omitted).

If Plaintiff is trying to raise a retaliation claim, she must provide adequate factual allegations that meet each of the elements for that claim. As to the first element, she must allege facts that explain how she engaged in protected activity. As to the second element, she must allege facts that explain the nature of the adverse employment action. Last, Plaintiff must allege facts that support a causal link between any protected activity and adverse employment action. If Plaintiff wishes to proceed with a retaliation claim, her second amended complaint must allege facts that support each of these elements.

          **a. Amendment**

If Plaintiff chooses to amend, she must read this Order carefully and allege sufficient facts to show that the elements of each claim are met. Additionally, Plaintiff is advised that if she files a second amended complaint, this amended complaint (ECF No. 8) will no longer serve any function in this case. The second amended complaint must be complete in and of itself without reference to prior pleadings or to other documents.

**II. Conclusion**

**IT IS HEREBY ORDERED** that Plaintiff's Amended Complaint at ECF No. 8 is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that if Plaintiff wishes to file a second amended complaint in this case, she must do so by August 7, 2023.

DATED: July 6, 2023

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE